IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JULIE BETH KNISELY, )
 )
      Plaintiff, )
 )
  -vs- ) Civil Action No. 16-78
 )
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
 )
      Defendant. )

AMBROSE, Senior District Judge

## MEMORANDUM OPINION

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") pursuant to the Social Security Act ("Act"). (ECF No. 3, ¶3). Plaintiff's application was initially denied by an Administrative Law Judge on June 12, 2013. *Id.* Plaintiff filed a Request for Review with the Appeals Council. *Id.* On October 29, 2014, the Appeals Council denied the request for review. *Id.* Plaintiff filed the instant action on April 4, 2016. (ECF No. 1).

Pending before the court is Defendant's Motion to Dismiss Plaintiff's Complaint as untimely. (ECF No. 6). Section 405(g) of the Act explains the time frame for filing a civil action as follows:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

Additionally, the notice of denial advises the individual that the Appeals Council assumes the letter of denial will be received within 5 days after the date the denial was issued. (ECF No. 7-1, p. 26). It also advises the individual that he/she may ask the Appeals Council, in writing, to

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

extend the time to file an appeal. *Id.*

In this case, the final decision was issued and mailed on October 29, 2014. (ECF No. 3, ¶ 3). Allowing five additional days for mailing, a civil action must have been filed no later than January 2, 2015. There is no indication that Plaintiff filed a request to extend the time. *See,* ECF No. 3. The instant action was not filed until April 4, 2016, over one year beyond the applicable statute of limitations.

After Defendant filed the Motion to Dismiss on July 7, 2016, Plaintiff was given until August 8, 2016, to file a Response. (ECF No. 8). Plaintiff's counsel requested an extension of time and said extension was granted until September 16, 2016. (ECF No. 10). On September 15, 2016, Plaintiff's counsel again requested an extension of time and said extension was granted until November 15, 2016. (ECF No. 12). On November 10, 2016, Plaintiff's counsel filed a third extension of time. (ECF No. 13). This Court granted the request until January 19, 2017, and specifically stated that no further extensions would be granted. (ECF No. 14). Despite this warning, Plaintiff's counsel again requested a fourth extension of time. (ECF No. 15). This Court granted the request until February 27, 2017, and cautioned counsel again that no further extensions would be granted. (ECF No. 16). No response was filed on February 27, 2017. On February 28, 2017, a clerk of this Court called Plaintiff's counsel to inquire as to why a response had not been filed. Plaintiff's counsel's secretary informed my clerk that counsel would return the call that day. Plaintiff's counsel did not return the call on February 28, 2017.

Given the procedural posture of the case as listed above, there is no question that the Complaint is untimely. A statute of limitations period may be equitably tolled, however, "'(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" *Kramer v. Comm'r of Soc. Sec.,* 461 F. App'x 167, 168–70 (3d Cir. 2012), *quoting, Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir.1994). None of

these circumstances appear to exist in the record. As such, I find that the doctrine of equitable tolling does not apply. Consequently, I find that Plaintiff's Complaint is untimely and dismissal of the case is warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JULIE BETH KNISELY, )
 )
      Plaintiff, )
 )
 -vs- ) Civil Action No. 16-78
 )
NANCY A. BERRYHILL,[2] )
COMMISSIONER OF SOCIAL SECURITY, )
 )
      Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 1st day of March, 2017, it is ordered that Defendant's Motion to Dismiss Plaintiff's Complaint as Untimely (ECF No. 6) is granted and Plaintiff's Complaint is hereby dismissed with prejudice. The case shall be marked closed.

                                          BY THE COURT:

                                          s/ Donetta W. Ambrose
                                            Donetta W. Ambrose
                                            United States Senior District Judge

---

[2] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.